United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40935
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARCUS ROBERTS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-174-ALL-RC
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Marcus Roberts pleaded guilty to possession of a prohibited

object by an inmate.  In reliance on United States v. Booker,

125 S. Ct. 738 (2005), he argues for the first time on appeal

that the district court erred in imposing a sentence based on

facts not alleged in the indictment, not admitted by him in

court, and not proved to a jury beyond a reasonable doubt.

Specifically, Roberts challenges the district court's imposition

of a two-level increase in his base offense level pursuant to

U.S.S.G. § 2D1.1(b)(3) on the ground that the object of the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense was the distribution of a controlled substance while in prison.  He also argues that the district court erred in sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

To demonstrate plain error, Roberts has the burden of showing an error that is obvious and that affects his substantial rights.  United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  To show that the error affected his substantial rights, Roberts must show that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."  Id. at 521; see also United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005).  Roberts has not shown that the district court would have imposed a different sentence.  Accordingly, we AFFIRM the judgment of the district court.